**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| MONICA BROOKS ET AL. | |
| | |
| ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | |
| | |
| PLAINTIFFS | |
| | |
| v. | Civil Action No. 1:01cv02361. |
| | (HHK) |
| DISTRICT HOSPITAL PARTNERS, L.P. | |
| | CLASS ACTION |
| DEFENDANT | |

**PLAINTIFFS' REPLY TO**
**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR FINAL JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Rule 54(b) provides a means by which a trial court can make clear that a judgment which has been rendered as to some but not all parties in an action is final as to the affected parties and that there is no cause for delay in appealing the judgment. Fed.R.Civ.P. 54(b); *see* Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8 (1980). Defendant argues that the Court's action, severing and then dismissing Monica Brooks and Tracee Taylor from the *Marable* case, should, improbably, be understood to be non-final and that the issues on appeal are inseparable from the claims of the *Adams* plaintiffs. Defendant's argument ignores the history of Plaintiffs Brooks and Taylor in this case — their intervention five-and-a-half years after the first complaint had been filed; their role as representatives of a class of plaintiffs clearly and wholly distinct from the Nursing Assistants; and the Court's ultimate determination that Brooks and Taylor — but not Adams, McDonald, and Prince — would be barred from relying on the Marable EEOC Charge. From their first appearance in this

case, Brooks and Taylor have effectively been separate from the suit pursued by Adams, McDonald, and Prince.

For these reasons, because the Court's dismissal of their claims was a final judgment and because their appeal of this dismissal is wholly separable from any claim that may be brought by the individual plaintiffs, no judicial administrative interest is served by delay and this Court should this judgment under Rule 54(b).

## ARGUMENT

A court may grant certification under Rule 54(b) if the judgment is final, "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). If the judgment is final, the court must determine if it is appealable, taking into account both judicial administrative interests as well as the equities involved. *Id.* at 8. Determination of "judicial administrative interests" essentially means that a court must consider whether the matter to be appealed is "separable from the others remaining to be adjudicated." *Id.* Put another way, the court might not certify a judgment as appealable if the issues on appeal are inter-related with the issues remaining in the case. *Id.* at 9.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**A.      The Court's Severance and Dismissal of Plaintiffs Brooks and Taylor Was Final.**

The Defendant first argues[1] at great length that the severance of the claims of Brooks and Taylor were non-final because the Plaintiffs' motion cited Rule 42(b) rather than Rule 21 as a basis for the severance. Both rules provide for severing of parties, and courts have noted that "Courts often confuse these two procedural devices." Acevedo-Garcia v. Monroig, 351 F.3d 547 (1st Cir. 2003). The distinction between the two procedural devices, while "clear enough in theory, often is obscured in practice." *Id*. Thus, the Court of Appeals in *Acevedo-Garcia* was careful to look beyond the rule that had been cited to examine the language used to determine whether the Court intended to sever claims for separate, non-final trials (the usual function of Rule 42(b)) or to sever the claims into two entirely independent actions (the usual function of Rule 21). This Court should reject the Defendant's argument that formalism should trump over intention and fairness.

The Defendant's insistence that the order was not final is utterly specious, for three reasons. First, the Court's dismissal was clearly "an ultimate disposition" of the claims of Brooks and Taylor in the sense that it fully terminated Brooks and Taylor's rights to pursue a claim. *See Curtiss-Wright*, 446 U.S. at 7. Arguing otherwise is arguing that grass is not green. Second, it is illogical to argue that severing was done only for the purpose of allowing for separate trials, because obviously no separate trial was possible for Brooks and Taylor when they moved for severance since this Court had already held that they had failed to exhaust their administrative prerequisites.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[1] The Defendant uses the first two pages of its brief to call the plaintiffs to task for not seeking reconsideration or taking an interlocutory appeal of the Court's order which Plaintiffs seek to appeal. This argument seems more an occasion for the Defendant to denigrate Plaintiffs' counsel than to persuade the Court. After all, it would have been a waste of judicial resources to seek reconsideration when the trial court has already been pressed repeatedly on its decision. Further, as the Defendant surely recognizes, this matter was not susceptible of an interlocutory appeal, particularly under the very strict standards in the D.C. Circuit.

Finally, the Defendant's argument ignores the history of this case: The briefs in this matter include extensive discussion which makes clear both the Plaintiffs' purpose in seeking and the Court's intention in order severance. In moving for severance, the Plaintiffs made abundantly clear that they sought to sever the claims of Brooks and Taylor because the Court had already "effectively terminated" the class they sought to represent:

> [T]he Court's denial of class certification on the basis of non-exhaustion <u>has the effect of deciding with finality all claims asserted by Brooks and Taylor</u> on behalf of themselves and all external candidates denied employment through the use of the discriminatory screening test.

<u>Plaintiff's Motion To Sever Claims</u> at 3 (emphasis added). Indeed, Plaintiffs even suggested that,

> "[as a consequence of the Court's holding that these Plaintiffs had] not exhausted their administrative remedies and therefore [were] not permitted to litigate their claims, there is no longer a case or controversy with respect to these plaintiffs. Therefore, it is impermissible for the Court to entertain the case with respect to Monica Brooks, Tracee Taylor, and the class that they have sought to represent.

*Id.* at 4. And if that were not clear enough, in Reply to the Defendant's Opposition the Plaintiffs explicitly stated that they were not seeking separate trials, but were seeking final judgment as to the claims:

> [T]his Court's decision [that Plaintiffs Brooks and Taylor had failed to exhaust] <u>effectively determines with finality the claims of Brooks and Taylor</u>. The claims against the Defendant by Plaintiffs Janette Adams, Kathleen McDonald, and Nancy Prince, however, remain viable and advance toward trial. The Plaintiffs' motion to sever, therefore, seeks simply to separate those whose claims remain from those whose claims have already been <u>adjudicated with finality</u>.

<u>Plaintiffs' Reply to Defendant's Opposition to Plaintiff's Motion to Sever Claims</u> at 2 (emphasis added). The Plaintiffs directly disputed the Defendant's supposition that separate trials could result from the severance of the parties:

> [W]hile Brooks and Taylor would certainly prefer to be allowed to pursue their claims individually, the Court's finding that Brooks and Taylor did not exhaust their

- 4 -

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

administrative prerequisites not only terminated the class, but also terminated these Plaintiffs' individual claims as well. Thus, their claims will not proceed to trial, contrary to Defendant's assertions. See F.R.Civ. P. 11(b). Whether or not this Court severs, there will be only one trial involving only the former nursing assistants. For Brooks and Taylor, severing only facilitates termination of their claims, thereby giving effect to the judgment rendered previously by this Court.

*Id.* at 2-3 (emphasis added).

Defendant, when opposing severance, repeatedly urged Plaintiffs to move the dismissal of the claims of Brooks and Taylor. Def. Opp. to Mtn. to Sever at 1, 6, 7, 8. Plaintiffs explained why they did not seek to dismiss these claims:

While Plaintiffs readily acknowledge that this Court's finding that Brooks and Taylor failed to exhaust their administrative prerequisites effectively terminates the claims of Brooks and Taylor . . . it would be irresponsible for Plaintiffs' counsel to extinguish the Plaintiffs' right to appeal the Court's decision.

Plaintiffs' Reply to Defendant's Opposition to Plaintiff's Motion to Sever Claims at 4. Thus, Plaintiffs had announced that their intention in seeking severance of these claims was to allow the appeal of the Court's decision that had effectively terminated the right of Brooks and Taylor and the class they sought to represent to litigate their Title VII claim.

In view of this clear history, the Defendant's conclusion that the severance here was to permit separate, non-final trials is baseless. It depends on nothing more than the reference in the Plaintiffs' brief to Rule 42(b). Parties with sound arguments rarely resort to arguing formalism over function.[2]

---

[2] The Defendant's brief shows other examples of a lack of real argument. For example, the Defendant writes, "Plaintiffs could not meet the requirements for a separate trial under Rule 42(b)). Rule 42(b) . . . provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order separate trial of any claim . . . or of any number of claims." Fed. R. Civ. P. 42(b). The Defendant claims that the Plaintiff cannot meet that standard — but apparently forgets to explain exactly how it is that the Plaintiffs cannot meet that standard.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

On the same day that the Court granted Plaintiffs' motion to sever, this Court issued an order

that Plaintiffs show cause why the Court should not dismiss all claims asserted by plaintiffs Monica

Brooks and Tracee Taylor. [Docket No. 123.] After considering the Plaintiffs' response and the

Defendant's opposition, the Court dismissed from suit "all claims asserted by Monica Brooks and

Tracy[sic] Taylor." [Docket No. 127]. The Court's *sua sponte* dismissal of the claims of the

severed Plaintiffs refutes Defendant's assertion that the severance would result in separate trials.

Instead, by so swiftly acting to dismiss *sua sponte* these claims, this Court made clear that, like the

Plaintiffs, it understood that its earlier denial that Plaintiffs Brooks and Taylor had fulfilled their

administrative prerequisites to suit under Title VII had the effect of adjudicating with finality their

claims. The dismissal was a final judgment, as this Court may properly affirm under Rule 54(b).

**B.     Delaying Appeal of the Separate Claim of Brooks and Taylor Serves No Judicial Interest and Would Be Inequitable.**

Defendant offers four reasons to delay the *Brooks* appeal. First, it claims that the issues in

*Brooks* are not separable from the issues in *Adams* because Brooks and Taylor seek to appeal the

denial of class certification (which obviously affects both cases), but ignoring that the decision that

Brooks and Taylor appeal (and the cause of the dismissal) is the Court's holding that they cannot

rely on the Marable Charge. Second, the Defendant argues that this appeal and the pending *Adams*

case are closely linked, giving rise to the possibility of the same issue arising in a potential appeal

in the *Adams* case, because both involve the issue of administrative exhaustion. The Defendant

ignores the fact that, while speaking broadly, both involve "administrative exhaustion," the actual

issues which would need to be addressed on appeal are quite different. Third, the Defendant argues

that both cases involve the same substantive facts. While it is true that both cases involve claims

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

of disparate impact race discrimination, that commonality is completely irrelevant. Finally, the Defendant claims that it would suffer prejudice if required to defend against more than one claim by victims of discrimination, and therefore as a matter of equity the Defendant should be relieved of this appeal. The Defendant ignores the fact that it sought to defend against more than one claim when it caused the class action to be separated.

**1.**   **Brooks and Taylor Do Not Claim That the Appealable Error Was in the Dismissal but in the Holding That Brooks Plaintiffs Cannot Rely on the Marable Charge, So the Issues in the Two Cases Are Separable.**

The Defendant begins by claiming that Brooks and Taylor seek to appeal the Court's denial of class certification (*not* the finding that they failed to exhaust or their dismissals). Opp. at 8. While it is indirectly true that the Plaintiffs object to the denial of class certification, that is quite plainly not the ruling which the Plaintiffs contend is erroneous. That is not the decision which gives rise to the appeal. That was simply the ineluctable outcome of the Court's decision finding that Brooks and Taylor had not exhausted their administrative prerequisites.

The Defendant appears to be confused on this matter. It writes,

Plaintiffs are planning to use the requested certification of final judgment as an avenue to appeal the Court's denial of class certification and not the order dismissing Brooks and Taylor. Plaintiffs do not even attempt to hide this motive, spending several pages arguing that on appeal Plaintiffs will challenge this Court's determination in its decision denying Plaintiffs' renewed motion for class certification that Brooks and Taylor had not exhausted their administrative prerequisites. . . .

The Defendant is correct in stating that the Plaintiffs will challenge this Court's determination that Brooks and Taylor had not exhausted their administrative prerequisites — but that is not the same

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

thing as appealing the denial of class certification. This Court never got to the point of addressing

Rule 23 because the Plaintiffs could not proceed with their claims for failure to exhaust.

It is clear that in challenging the Court's determination on administrative exhaustion,

Plaintiffs challenge the dismissal. The appeal (and, for that matter, the motion to sever) arose

directly from the Court's finding that the Plaintiffs had not exhausted their administrative

prerequisites. While there is no order related to Rule 23 for the Plaintiffs to challenge, it is the

correctness of the order on administrative exhaustion that Plaintiffs seek to appeal. The Defendant's

description of the Plaintiffs' appeal as "an appeal of the Court's denial of Plaintiffs' renewed motion

for class certification" (Opp. at 8) is inaccurate.

Lastly, it is worth noting that if the Defendant were correct — if the Court had dismissed

Plaintiffs' motion for class certification on class certification grounds, the Plaintiffs would have

appealed that decision pursuant to Rule 23(f). However, because the Court failed to reach any

consideration of class certification (instead deciding the motion on the preliminary matter of

administrative exhaustion), a Rule 23(f) appeal was foreclosed. *See*, *e.g.*, In Re Lorazepam &

Clorazepate Antitrust Litigation, 289 F.3d 98, 106 (D.C. Cir. 2002). Plaintiffs do not seek to appeal

the Court's decision on class certification, but to appeal the Court's determination that the Plaintiffs

could not rely on the Marable Charge.

**2.      The Defendant Uses a Broad Brush When Describing the Issues in the Case as Identical Because Both Involve Administrative Exhaustion, but the Specific Exhaustion Issues in the Two Cases Are Very Different.**

The Defendant also insists that this appeal and the pending *Adams* case are closely linked,

giving rise to the possibility of the same issue arising in a potential appeal in the *Adams* case,

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

because both involve the issue of administrative exhaustion. *See* Opp. at 9 ("the claims of Brooks and Taylor raise similar issues to and involve substantially the same facts as the claims of Adams, McDonald and Prince."). While one might, using a broad paint brush, use the phrase "administrative exhaustion issues" to describe issues in both the *Brooks* case and the *Adams* case, that would be a facile and grossly incomplete description. The fact is that there are enormous and entirely separate bodies of law devoted to administrative exhaustion as it relates to individuals relying on charges of discrimination, on the one hand, and class members' exhaustion requirements, on the other hand. Title VII's administrative rules permit one person to file a charge on behalf of another, as was done for Adams, McDonald, and Prince. The Brooks plaintiffs, on the other hand, rely on the "scope of the charge" theory. The administrative exhaustion issues that have arisen in the two cases are different and will not present duplicative issues to the Court of Appeals.

The Defendant's claim that because both the *Brooks* and *Adams* cases involve administrative exhaustion issues ignores the factual and legal divide separating the two cases. On the one hand, Adams, McDonald, and Prince were among the Nursing Assistants on whose behalf the original charge was filed with the EEOC; each of them explicitly subscribed the complaint. Brooks and Taylor, on the other hand, have sought to pursue their case by relying on the scope of the charge theory, although they were not themselves the stated beneficiaries of the Charge and did not subscribe the complaint.

It is certainly true that the *Brooks* plaintiffs raise "administrative exhaustion" arguments in their appeal and the Defendant makes administrative exhaustion arguments related to the *Adams* plaintiffs in its motion for summary judgment. Both cases involve "administrative exhaustion" arguments. But the challenges in the two cases are substantively different, relying on distinct bodies

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

of law.  The issues are separate and so the Court of Appeals is not in the position of potentially

resolving the same question of law twice.  Thus, this argument provides no justification for denying

the *Brooks* plaintiffs the right to appeal the Court's decision without delay.

**3.    While Both Cases Involve Claims of Disparate Impact Race Discrimination, That Commonality Is Irrelevant Because Brooks and Taylor Cannot Pursue Their Claim and Because That Commonality Has Nothing to Do with the Appeal.**

Third, the Defendant argues that the substantive claims of the dismissed plaintiffs and the

*Adams* plaintiffs "involve substantially the same facts." Opp. at 9.  That is true (it was, in fact, the

reason that the Plaintiffs opposed splitting the plaintiffs apart for class certification purposes) but

it is completely irrelevant.

Even if it might have been true that severing the claims could cause two identical trials, the

reality is that Monica Brooks and Tracee Taylor cannot proceed to trial because their claims have

been disallowed.  Consequently, at present Brooks and Taylor share *no* legal claim with the *Adams*

plaintiffs.  The substantive claims which Brooks and Taylor previously asserted are legally irrelevant

as the case now stands.  Furthermore, that substantive issue will remain irrelevant unless the Court

of Appeals permits these women to proceed with their claims.  The issue that the Court of Appeals

will address has nothing to do with the substantive issue of disparate impact discrimination.

Again, it appears that this argument derives from a misunderstanding (or warping) of

applicable law. The Defendant quotes this Court:  "As this Court has ruled, where plaintiffs seek

certification of final judgment of dismissed claims which 'raise issues common to the plaintiffs'

other [] claims" it "weigh[s] heavily against a piecemeal appeal.' "  However, the Court was not

referring to some mere coincidence of issues or facts in a case, but when the issues to be resolved

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

by the court of appeals are the same. In this regard, the Defendant does not realize that even if this Court were to deny the Rule 54(b) certification, delaying the appeal would not in any way affect the possibility of that issue being presented to the Court of Appeals. The substantive issue shared by the cases — disparate impact discrimination — is not in any way implicated in this Court's decision to certify for appeal Brooks and Taylor's dismissal.

**4.     The Defendant Will Not Be Prejudiced If Required to Defend Against More than One Claim by Victims of Discrimination Because it Insisted That the Class Claims Be Separated, Thereby *Forcing* That Result to Occur.**

Finally, the Defendant argues that "the equities weigh against the entry of final judgment." Dismissive of the harm to the Plaintiffs of having to wait for their case to be decided or to the public policy interest in the eradication of discrimination in employment, the Defendant asserts that "the Hospital [] will be significantly prejudiced if Plaintiffs' motion is granted." Opp. at 10.

The Defendant never demonstrates that it "will" be prejudiced, but instead only that if certain highly speculative scenarios come to pass, then it *might* be prejudiced.

The thread that runs across each of these scenarios is that the Defendant would be prejudiced if it had to litigate multiple claims, in all of which plaintiffs contend that its screening instrument discriminated against applicants. The Federal Rules attempt to encourage parties to join in a single action rather than pursue actions through multiple suits. In this case, though, the Defendant has argued vehemently (and successfully) against consolidating the plaintiffs most efficiently in a single class action. It therefore cannot now complain that it is "prejudiced" by the threat of defending the same discriminatory screening tool in the multiple suits that it has created. It is because of the Defendant's pleadings that this Court separated the internal and external applicants into separate

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

groups — the Defendant cannot now be heard to complain that there are two separate litigations. Where previously Defendant has strained to distinguish the claims of the internal and external applicants, here, in opposition to this motion, Defendant now finds itself asserting that "the claims of Brooks and Taylor raise similar issues to and involve substantially the same facts as the claims of Adams, McDonald and Prince." Opp. at 9.

The Defendant asks this Court to deny Plaintiffs Brooks and Taylor the right to appeal forthwith by constructing a lengthy chain of speculation: *If* the Hospital wins its suit against the individual plaintiffs, but the individual Plaintiffs appeal the original class certification decision and win, then this Court might certify on remand a class consisting of all test takers, both internal and external. Defendant's speculation goes on to conclude that in that precise eventuality, Brooks and Taylor would not need to serve as class representatives and the issue of their administrative exhaustion, which they now seek to appeal, would be mooted. Opp at 11. If one follows this long chain of speculation to its conclusion and assumes that the Court, in response to the revised class definition, reverses the dismissal and severance of Brooks and Taylor, it may be that the appeal of Brooks and Taylor of their dismissal from the original case may prove to have been unnecessary.

What this chain of speculation seeks to obscure, however, is the broad set of possibilities that spring from every link of the Defendant's chain of speculation and point to the issues that now distinguish the case of the individual plaintiffs and the case of the dismissed plaintiffs. If the individual plaintiffs win on their individual claims, the dismissed plaintiffs' appeal will remain what it is today. If the individual plaintiffs lose on their individual claims, the dismissed plaintiffs will appeal on the same issues. The appeal of the dismissed plaintiffs is unaffected by most any scenario. It is separate from that of the individual plaintiffs and should be allowed to proceed now to appeal.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Likewise, to create a specter of potentially duplicative appeals, Defendant speculates that "This Court could decide in the Hospital's favor on the administrative exhaustion argument . . . but . . . the Court of Appeals could side with Plaintiffs on their appeal." Defendant's language misleads by obscuring what divides these cases. If the Hospital is granted summary judgment on the pleadings presently before this Court, it will win against the individual plaintiffs, Adams, McDonald, and Prince and not against Brooks and Taylor, who have been dismissed and are no longer a part of this case. Thus, it is irrelevant that the Appeals court may rule on a separate matter against the Hospital, while this Court may rule for the Hospital. The issue before either tribunal may be "administrative exhaustion," but the issues are distinct; there will be no duplicative appeals.

The history of this case shows that Plaintiffs Brooks and Taylor are wholly separable from the claims of the individual plaintiffs. They were allowed to intervene five-and-a-half years after litigation began, after the Court had determined that the claims of the nursing assistants (Adams, McDonald, and Prince) were separate from those of the external applicants, whom Brooks and Taylor sought to represent. At no time did the Court's determination of these Plaintiffs' right to proceed under Title VII conflate Brooks and Taylor's administrative exhaustion claim with those of the individual plaintiffs. The Court agreed to sever Brooks and Taylor, again without reference to the claims of Adams, McDonald, and Prince. Finally, the Court *sua sponte* dismissed the claims, without reference to the individual plaintiffs. Now, Plaintiffs Brooks and Taylor seek to appeal this dismissal. The appeal will not implicate the substantive issues of their original disparate impact claim. It will concern only the issue of administrative exhaustion unique to Brooks and Taylor. Thus no Judicial administrative interest is served by delaying the appeal.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

WHEREFORE, Plaintiffs Brooks and Taylor respectfully request that this Court grant their

Motion for Entry of Final Judgment Pursuant to Rule 54(b).

Respectfully submitted,

/s/

S. Micah Salb, Esq., #453197
Mary E. Kuntz, Esq. *pro hac vice*
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, Maryland 20816
Phone: (301) 656-6905
Fax: (301) 656-6906
Email: msalb@lsslawyers.com

Counsel for Plaintiff